NO. 07-07-0254-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 11, 2008
______________________________

MARSHALL MCGALLIARD, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 39TH DISTRICT COURT OF KENT COUNTY;

NO. 806; HONORABLE SHANE HADAWAY, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ON MOTION TO DISMISS
Â Â Â Â Â Â Â Â Â Â Pending before the Court is appellantâs motion to dismiss his appeal. Appellant and
his attorney both have signed the motion. Tex. R. App. P. 42.2(a). No decision of this
Court having been delivered to date, we grant the motion. Accordingly, the appeal is
dismissed. No motion for rehearing will be entertained and our mandate will issue
forthwith.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Do not publish. 



her two particular witnesses were accomplices. 
One was Margarita Estrada and the other, Michael Johnson. The former testified that she
lived with James Fox, that Fox and appellant wanted to get some bolt cutters from her so
they could do a "hustle," and that she acquired the bolt cutters from her closet and gave
them to appellant. This was done by her while knowing that the "hustle" "had to do with
Â .Â .Â . some type of burglary or something like that, . . . a house or building . . . ." From the
act of providing an instrumentality for use in a crime while knowing that it was to be so
used, one could reasonably infer that the individual aided in the commission of the crime
while acting with the intent to promote or assist its commission. And, since that is the
definition of a party, Tex. Penal Code Ann. §7.01(c) (Vernon 2003), and because some
evidence illustrates that Estrada so acted, we cannot but conclude she fell into the category
of an accomplice to the burglary.

 As for Johnson, he agreed to drive the group of individuals who committed the
burglary to the area wherein Hawkins lived. Furthermore, not only did an officer testify
(without objection) that one of the burglars informed him that Johnson was to receive a
portion of the burglary proceeds, but Johnson also admitted that he was to receive money
for gas in exchange for his services. So, at around midnight, he met two of the group at
a local convenience store, drove them to a house, drove them back to the store and picked
up the remainder of the group. At that time, he noticed that one of the individuals
possessed a set of bolt cutters. Thereafter, he drove them to the designated location. 
While professing ignorance of their purpose, Johnson nevertheless responded, "oh, it
occurred to me" when asked: "[s]o, you see four guys who need to go somewhere, at night
. . . one of them carrying . . . bolt cutters, and with your criminal history it didn't occur to you
that you were driving them possibly to commit a burglary?" (1) Given that he so responded,
that he himself had participated in burglaries and, therefore, knew how they were
committed, that it was late at night when he drove the group to the residential area wherein
the burglary occurred, and that he was to receive either gas money or a part of the burglary
proceeds in exchange for his help, a rational person could reasonably infer that he aided
those who actually committed the burglary while intending to promote or assist in the
commission of the offense. And, because one could so infer, it can be said that Johnson
held the status of a party to the crime and, therefore, was also an accomplice. 

 Having determined that both Estrada and Johnson were accomplices, we conclude
that the trial court was obligated to instruct the jury about the prohibitions of art. 38.14 of
the Texas Code of Criminal Procedure. Because it did not, it erred. Yet, that does not end
our inquiry for we must also decide if the error was harmless. See Herron v. State, 86
S.W.3d 621, 632 (Tex. Crim. App. 2002) (applying a harm analysis to errors like that before
us). It may fall within that realm if there exists non-accomplice testimony corroborating that
of the accomplice and no rational and articulable basis exists for disregarding it or finding
that it fails to connect the defendant to the offense. Id. at 633. Yet, the problem with
finding the error harmless at bar concerns our inability to find of record any non-accomplice
testimony either placing appellant at the burglary or communicating with the burglars about
the burglary. That information came only from the accomplices and those who admitted
to participating in the crime. (2) Moreover, the evidence illustrating that appellant worked at
Hawkins' abode several months before the burglary and may have seen Hawkins and his
clients exchange cash is of little weight. Indeed, we have held that one's mere presence
at the scene of a crime when it is committed or near the time of its commission does not
alone tend to connect the individual to the crime. In re A.D.L.C., 598 S.W.2d at 385. If
being present at or near the time it occurred is not enough by itself, then being there some
four months before its occurrence can hardly suffice. Nor did the State direct us to any
non-accomplice testimony tending to link appellant to the burglary. Given this, we cannot
say that the error was harmless.

 Accordingly, we reverse the judgment and remand the proceeding to the trial court.

 Brian Quinn 

 Justice

Publish.
1. His criminal record consisted of multiple convictions some of which involved theft and burglary. 
2. We note that at least one of the burglars actually denied that appellant was involved.